WILLIAM JACKMAN SONS, INC., Plaintiff, *v.* JOHN A. HAUFFMAN, Defendant.*

Supreme Court, Special Term, New York County, November 1, 1935.

*Louis B. Stein,* for the plaintiff.

*Henry Simon,* for the defendant.

* See *Bloomingdale Bros., Inc.,* v. *Butler* (150 Misc. 903).

COLLINS, J. A judgment debtor who is a pilot engaged solely in work in New York harbor and the Hudson river is a seaman, but his wages are subject to be garnisheed, as the La Follette Act (U. S. Code, tit. 46, § 601) exemption is inapplicable to him (U. S. Code, tit. 46, § 544). His motion to vacate the garnishee order is denied. A cross-motion is made to have a receiver appointed for a certificate of membership in a pilot's association. That certificate by its terms and by necessity is not assignable. There are, however, certain property rights which accrue to the judgment debtor. They relate to money payments. Section a of the certificate provides for a payment of twenty-five dollars per month. As soon as that becomes due it goes under the garnishee. There is no necessity for a receiver for that. Upon retirement the pilot is entitled to a certain sum per month (§ d). A receiver may be appointed for those sums, the receiver to take title when and if those sums become due. I rule, however, that he can take only ten per cent, as those sums are income. If he takes the ten per cent the garnishee order is suspended. The pilot is also entitled to an indefinite monthly income (§§ b and c). The garnishee covers that. There is a death benefit (§ e) payable to the pilot's estate. The receiver can take that up to the debt when and if it accrues. But the receiver may not take the certificate. As the papers show that the garnishee execution will realize over fifty dollars per month, the entire debt should be paid off in about eight months. The appointment of a receiver seems unnecessary, but the judgment creditor is entitled to it. Settle order.